EDWARD ATKINS *vs.* CITY OF BOSTON.
MAUDE D. SNOW *vs.* SAME.

Suffolk.    January 11, 1905. — May 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Tax*, Assessments for benefits.

On a petition for damages for the taking of an easement in a strip of land by the
city of Boston under St. 1897, c. 426, as amended by St. 1899, c. 450, for locating
anew the channel of a watercourse for sewerage purposes, if the city has neg-
lected to lay a betterment assessment as it might have done under the last
named statute, it cannot set off the special benefit to the petitioner against the
petitioner's claim.

TWO PETITIONS, filed January 3, 1902, by owners of land in
that part of Boston called Brighton, for determination of damages
for the taking by the city of Boston of an easement for sewerage
purposes as described below.

In the Superior Court the cases were tried before *Bishop*, J.,
who reported them for determination by this court on the terms
named below. The following statement of the cases is taken
from the opinion of the court:

On June 27, 1899, the board of street commissioners of the
city of Boston, after locating anew the channel of a watercourse
called Faneuil Valley Brook and taking for that purpose an ease-
ment in a strip of land fifteen feet wide belonging in part to the
plaintiffs and in part to the defendant, made this taking: " This
board do hereby take for the city of Boston, the right to main-
tain said new channel and other sewerage works in said lands
as said board deem said right to be necessary for the sewerage
works of said city." The taking was made under St. 1897,
c. 426, as amended by St. 1899, c. 450. The later act went into
effect on June 1, 1899. The work was begun on August 8, 1900,
and was completed on January 22, 1901.

Under the direction of the presiding judge the jury made two
findings, one in case the defendant could offset peculiar and spe-
cial benefits, and the other in case it could not. If such benefits
could be set off the jury in each case found that no compensation

was due. If such a benefit could not be set off, they found for the petitioners in the sums of $972.96, and $1,302.60, respectively. By the terms of the report, if the petitioners' contention as to the law was correct, judgment was to be entered for the petitioners for the above sums, respectively, with interest from May 3, 1904, the date of the jury's findings, to the date of judgment. If the defendant's contention was correct, judgment was to be entered for the defendant in both cases.

*E. F. McClennen,* (*H. F. Lyman* with him,) for the petitioners.
*S. H. Hudson,* for the respondent.

LORING, J. [After the foregoing statement of the case.] We are of opinion that the plaintiffs are entitled to judgment.

The only contention made by the defendant is based on St. 1902, c. 526, which provides that "The expense of the construction and maintenance of sewers in the city of Boston designed for the disposal of surface drainage solely shall be borne wholly by the said city." But under this taking the city had a right to use the channel for sewerage purposes. It follows that that defence fails.

The case presented therefore is one where a benefit assessment could have been made, but the city officials neglected to make one.

That a benefit assessment could have been laid under St. 1899, c. 450, see *Hall* v. *Street Commissioners,* 177 Mass. 434.

Where a benefit assessment might have been laid but none has been laid, there is no more reason for setting off the benefit than if it had been made. *Benton* v. *Brookline,* 151 Mass. 250.

In accordance with the terms of the report the entry must be

*Judgment for the plaintiff in the first case for $972.96, and in the second case for $1,302.60, with interest in each case from May 3, 1904, to the date of judgment.*